# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| WALTER HARRISON, | No. ED CV 14-2281-JGB (PLA) |
| Plaintiff, | |
| v. | **FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| S. MURAKONDA, et al., | |
| Defendants. | |

  This Final Report and Recommendation is submitted to the Honorable Jesus G. Bernal, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that defendants' motion for summary judgment be granted and the action dismissed on the ground that plaintiff failed to exhaust his administrative remedies.

/
/
/
/
/
/

**I.**

**BACKGROUND**

On November 10, 2014, plaintiff, a state prisoner who presently is held at the California Institute for Men ("CIM") in Chino, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983, after being granted leave to proceed without prepayment of the full filing fee. The operative pleading is plaintiff's Fourth Amended Complaint ("FAC") in which he raises one claim for inadequate medical care against the two named defendants, Doctor Murakonda and Nurse Kalian, arising from events that took place while plaintiff was incarcerated at Chuckawalla Valley State Prison ("CVSP") in Blythe, California. (See ECF No. 23).

On February 2, 2017, defendants filed a Motion for Summary Judgment ("Motion") on the grounds, *inter alia*, that plaintiff failed to exhaust his administrative remedies before filing this action. (ECF No. 51). Defendants' Motion is accompanied by a Separate Statement of Uncontroverted Facts ("SUF"; ECF No. 51-1); a Declaration of John B. Greene, with attached excerpts from Plaintiff's Deposition ("Plaintiff's Depo.," ECF Nos. 51-2, 51-3); a Declaration of Marisa Kalian (ECF No. 51-4); and a Declaration of Sitaravamma Murakonda (ECF No. 51-5).

Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment, in which he was apprised that he must: (1) set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e) of the Federal Rules of Civil Procedure, that contradict the facts shown in defendants' declarations and documents, and show that there is a genuine issue of material fact for trial; (2) ensure that his declarations and affidavits are signed under penalty of perjury by a person having personal knowledge of the facts stated therein; (3) pursuant to Local Rule 56-2, file and serve with his opposing papers a separate document entitled "Statement of Genuine Issues," which sets forth concisely all material facts as to which plaintiff contends there exists a genuine issue necessary to be litigated; and (4) in this "Statement of Genuine Issues," he must (a) specify, for each of the facts listed as uncontroverted in defendants' "Statement of Uncontroverted Facts and Conclusions of Law," whether he concedes that the fact is undisputed, and, if not, the evidence that he believes

2

establishes that the fact is not undisputed, and (b) list all other material facts that he contends are in dispute, and specify for each such fact the evidence on which he relies to establish that the fact is in dispute. (See ECF No. 52).

Plaintiff sought and received two extensions of time in which to file his opposition. (ECF Nos. 55-60). Then, on July 10, 2017, the Court advised plaintiff that, because plaintiff had failed to file any opposition by June 15, 2017, the last date on which it was due, the Court would consider the Motion for Summary Judgment to be under submission. (ECF No. 61). The Court then issued a Report and Recommendation on July 24, 2017. On July 25, 2017, the Court received plaintiff's "Application for an Enlargement of Time" ("Application"), in which he requested an additional 45 days to file his opposition to the Motion for Summary Judgment. The Application was dated June 11, 2017, and it was received in the Court's mail room on June 15, 2017. Between June 15, 2017, and July 25, 2017, however, the Court was unaware that the Application had been submitted. As such, the Court withdrew the July 24, 2017, Report and Recommendation, and ordered that plaintiff file his opposition to the Motion for Summary Judgment no later than August 15, 2017. To date, however, plaintiff has neither filed any opposition nor sought a further extension of time in which to do so.

Accordingly, defendants' Motion is now under submission.

**II.**

**STANDARD OF REVIEW**

As part of the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended and strengthened the requirement that prisoners pursuing civil rights claims under 42 U.S.C. § 1983, or another federal statute, must first exhaust administrative remedies. As amended, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section [1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that the PLRA requires a prisoner to complete any prison

administrative process "capable of use" that provides some form of relief, even if the prisoner seeks monetary damages and such relief is not available under the administrative process. See Ross v. Blake, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016) ("an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of'") (quoting Booth v. Churner, 532 U.S. 731, 738, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)). Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002). Thus, the exhaustion requirement applies to all prisoners seeking redress for any complaint concerning prison conditions or occurrences. See Porter, 534 U.S. at 532; see also Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

The Supreme Court also has held that §1997e(a) creates an affirmative defense and, therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. It is defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Once the defendant has carried that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir.) (en banc) (setting forth the respective burdens where a defendant contends that a plaintiff failed to exhaust administrative remedies), cert. denied, 135 S. Ct. 403, 190 L. Ed. 307 (2014).

In addition, it is clear that "§1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Woodford v. Ngo, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Further, "proper exhaustion" under the PLRA requires that a prisoner comply with the prison's "deadlines and other

critical procedural rules" as a precondition to bringing suit in federal court. See Ngo, 548 U.S. at 88, 90; Jones, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Finally, the Ninth Circuit has held that a motion asserting the affirmative defense of failure to exhaust may be brought pursuant to either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. See Albino, 747 F.3d at 1166. However, a defendant may raise the issue of exhaustion in a motion to dismiss pursuant to Rule 12(b)(6) only "in those rare cases where a failure to exhaust is clear from the face of the complaint." Albino, 747 F.3d at 1169. Otherwise, the defense must be raised in a motion for summary judgment pursuant to Rule 56, and defendants must produce evidence proving a plaintiff's failure to exhaust. See Albino, 747 F.3d at 1169.

In deciding a motion for summary judgment pursuant to Rule 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. "[I]nferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (alteration omitted from original). At the summary judgment stage, a judge's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) (quoting Anderson, 477 U.S. at 249). Further, a "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). "The nonmoving

party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." Dzung Chu v. Oracle Corp., 627 F.3d 376, 387 (9th Cir. 2010) (quoting Matsushita Elec. Indus. Co., 475 U.S. at 586); see also Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Accordingly, defendants are entitled to judgment as a matter of law if the undisputed evidence, when viewed in the light most favorable to plaintiff, establishes that plaintiff failed to exhaust the available administrative remedies.

## III.

## **CALIFORNIA'S INMATE GRIEVANCE PROCEDURE**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative appeals system for prisoners that is set forth in the California Code of Regulations, Title 15, § 3084, et seq.. Any inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate can demonstrate as having a material adverse affect upon his or her health, safety, or welfare." (See Cal. Code Regs. tit. 15, § 3084.1(a)). An inmate is required to "describe the specific issue under appeal and the relief requested." An inmate also must limit the appeal "to one issue or related set of issues"; include "the dates of the staff member's involvement in the issue under appeal"; and "state all facts known and available to him/her regarding the issue being appealed." (See Title 15, § 3084.2(a)).[1] An appeal must be submitted within 30 calendar days from the occurrence of the event or decision being appealed, or of the inmate's "first knowledge of the action or decision being appealed." (Title 15, § 3084.8(b)). If an administrative appeal is accepted for review, it is processed through three levels of review. A "decision" by the Chief of the Office of Appeals at the third and final level of review constitutes a final decision and completes the administrative review process. In order to exhaust the administrative appeal process, the inmate must complete the appeal through the

---

[1] Cal. Code Reg. tit. 15 § 3084.2 was amended effective January 28, 2011.

Third Level of Review. (Title 15, §§ 3084.1(b), 3084.7).

## IV.
## **FACTUAL ALLEGATIONS IN THE FAC**

For purposes of defining the claims that defendants contend are unexhausted, the FAC sets forth the following claim. Plaintiff's symptoms began on November 7, 2013, and he subsequently had surgical procedures for removal of his appendix and his gallbladder. (ECF No. 23 at 3). Plaintiff's pain persisted after the procedures. Plaintiff was informed by his physical therapist on January 20, 2015, that the "swelling [of his] back and abdomen" required more than physical therapy to treat. (*Id.*). Plaintiff was seen by Dr. Murakonda on February 1, 2015, but she "refused any type of treatment" and made a derogatory remark. (*Id.* at 3-4). On February 10, 2015, plaintiff again reported to the medical clinic, and both Nurse Kalian and Dr. Murakonda "refused any type of treatment." Plaintiff saw Dr. Murakonda on February 17, 2015, at which time she again made a derogatory remark. Plaintiff continued to suffer from extreme pain, and, on May 25, 2015, Dr. Murakonda refused any treatment. On June 9, 2015, and again on October 4, 2015, Nurse Kalian refused to see plaintiff and made derogatory remarks. (*Id.* at 4). Plaintiff's health is deteriorating, and he continues to suffer "acute pain." (*Id.* at 4-5). Plaintiff alleges one claim against both defendants for deliberate indifference to his serious medical needs. (*Id.* at 6-7).

## V.
## **SUMMARY OF RELEVANT UNDISPUTED MATERIAL FACTS**

The Court finds the following material facts to be undisputed.

Plaintiff was housed at CVSP from January 16, 2013, until he was transferred to CIM on December 6, 2016. (SUF #3). Plaintiff had surgery on November 8, 2013, for removal of his appendix. (SUF #4). On March 19, 2014, plaintiff had surgery for removal of his gallbladder. (SUF #5).

Plaintiff submitted a grievance on December 3, 2013, which was designated Log No. SC 14000057 ("Appeal A"). (SUF # 20). Appeal A claims that plaintiff was denied medical care in

| | |
|---|---|
| 1 | November 2013 prior to the emergency surgery for his appendix. (ECF No. 51-3 at 37-38). On April 2, 2014, plaintiff submitted a grievance, which was designated Log No. HC 14008749 ("Appeal B"). (SUF #21). Appeal B claims that plaintiff was denied medical care on November 23, 2013, December 11, 2013, and February 24, 2014, prior to his emergency surgery on March 19, 2014. (ECF No. 51-3 at 30-34). Appeal A and Appeal B are the only appeals that plaintiff submitted regarding this case. (SUF #22; Plaintiff's Depo., ECF No. 51-3 at 14). |

## VI.

## DISCUSSION

Here, the undisputed material facts reflect that plaintiff did not complete the administrative review process on any grievance alleging inadequate medical care subsequent to April 2, 2014. The factual allegations set forth in the FAC, however, allege that defendants provided inadequate medical care from January 2015 through October 2015. (ECF No. 23 at 3-4). Accordingly, the Court finds that defendants have met their threshold burden of establishing plaintiff's failure to exhaust available remedies as to the claims he has raised in his Fourth Amended Complaint.

The burden then shifts to plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Despite being provided with multiple extensions of time, plaintiff failed to file any Opposition to the pending Motion. Further, plaintiff admitted during his Deposition that the only grievances that he filed regarding the claims raised in this case are his Appeal A and Appeal B. (ECF No. 51-3 at 14). Accordingly, plaintiff does not even purport to argue that he was prevented from properly exhausting his administrative remedies on the claims raised herein.

The Court therefore finds that plaintiff has failed to raise any disputed material fact relevant to the issue of exhaustion. Accordingly, the Court recommends that the pending Motion be granted on the ground that plaintiff failed to exhaust his administrative remedies for the claims raised in this action.

/

## VII.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge issue an Order: (1) approving and accepting this Final Report and Recommendation; (2) granting defendants' Motion for Summary Judgment; (3) dismissing without leave to amend plaintiff's action for failure to exhaust administrative remedies; and (4) directing that Judgment be entered dismissing this action without prejudice.

DATED: August 30, 2017

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.